IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02433-MSK-KLM

VALORIE BRIGGS, and
JOHN A. DAVIS,

    Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee,
FREEDOM MORTGAGE CORPORATION,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
LITTON LOAN SERVICES, LLC,
OCWEN LOAN SERVICING, LLC,
HELLERSTEIN AND SHORE, PC,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiffs' **Motion to Strike Defendants Deutsche Bank National Trust Company, as Trustee[;] Mortgage Electronic Registration Systems, Inc. (MERS)[;] Litton Loan Servicing, LP[;] and Ocwen Loan Servicing, LLC['s] Motion to Dismiss Plaintiff[s'] Complaint** [#30][1] (the "Motion"). Pursuant to 28 U.S.C. § 636(b) and D.C.COLO.LCivR 72.1C.3, the Motion is referred to this Court for disposition [#32]. The Court has reviewed the Motion, the entire case file, and the applicable law and is sufficiently advised in the premises.

    Plaintiffs, who proceed in this matter as pro se litigants, argue that the motion to dismiss [#22] filed by certain Defendants "is in excess of the 15 page limit imposed under Rule 7.1 of the Local Rules of the Court." *Motion* [#30] at 2.[2] However, such argument is

---

    [1] "[#30]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

    [2] The Court is mindful that it must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

misplaced. Rule 7.1 does not impose a page limit on motions to dismiss. Furthermore, neither the undersigned's Practice Standards nor those of Chief Judge Krieger impose a 15-page limit on motions to dismiss. Accordingly,

    IT IS HEREBY **ORDERED** that the Motion [#30] is **DENIED**.

    Dated: November 26, 2013

---

1991). However, the Court is not a pro se litigant's advocate, nor shall the Court "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, Plaintiff, as a pro se litigant, must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).