IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02433-MSK-KLM

VALORIE BRIGGS, and
JOHN A. DAVIS,

    Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee,
FREEDOM MORTGAGE CORPORATION,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
LITTON LOAN SERVICES, LLC,
OCWEN LOAN SERVICING, LLC,
HELLERSTEIN AND SHORE, PC,

    Defendants.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiffs' Motion for Leave to File First Amended Complaint** [#29][1] (the "Motion"). On December 12, 2013, Defendant Freedom Mortgage Corporation filed its Notice of Non-Opposition to the Motion [#38]. On December 16, 2013, Defendants Deutsche Bank National Trust Company; Mortgage Electronic Registration Systems, Inc.; Ocwen Loan Servicing, LLC; and Litton Loan Services, LLC (collectively, the "Responding Defendants") filed a Response [#39]. Defendant Hellerstein and Shore, PC, has not filed a Response and its time to do so has elapsed. Plaintiffs have

---

[1] "[#29]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

1

not filed a Reply and their time to do so has elapsed. Pursuant to 28 U.S.C. § 636 (b)(1) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for disposition [#33]. The Court has reviewed the Motion, the Response, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court **GRANTS** the Motion [#29].

## I. Background

This case was filed by Plaintiffs, who proceed in this matter pro se, relating to a foreclosure on real property located at 3656 South Cathay Circle in Aurora, Colorado. *Compl.* [#1] at ¶ 2. In the proposed Amended Complaint [#29-1], Plaintiffs eliminate Defendants Freedom Mortgage Corporation; Litton Loan Servicing, LP; and Ocwen Loan Servicing, LLC. *Compare Compl.* [#1] at 1 *with proposed Amended Complaint* [#29-1] at 1. Plaintiffs add one new defendant, David A. Shore, in his individual and corporate capacities. *Id.* Plaintiffs also clarify their claims, eliminate certain causes of action, and add new causes of action, bringing their 47 page Complaint down to 19 pages and asserting only six causes of action, three of which are brought under the Fair Debt Collection Practices Act. *See proposed Am. Compl.* [#29-1] ¶¶ 6-51.

Here, Responding Defendants argue that Plaintiffs' amendments are futile. *Response* [#56] at 4-7. Responding Defendants also maintain that the Motion should be denied because "Plaintiffs' motion for leave to amend contains no explanation as to why [P]laintiffs waited until after the [D]efendants filed their motion to dismiss to seek amendment and fails to demonstrate that the proposed amendment would cure the deficiencies in the operative complaint. *Id.* at 7. The latter argument is grounded in the

idea that Plaintiffs unduly delayed amending their claims.  *See id.* at 8.

## II.  Analysis

As a preliminary matter, a Scheduling Conference has not yet been held, and thus Plaintiffs' request to amend the Complaint is timely.  The Court therefore considers any arguments raised by the parties related to whether justice would be served by amendment.

Specifically, the Court should grant leave to amend "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave should generally be permitted unless the moving party unduly delayed or failed to cure, the opposing party would be unduly prejudiced, or the proposed amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The United States Supreme Court has made clear that "the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."  *Id*. at 182; *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).  Further, prejudice to the opposing party is the single most important factor in deciding whether to allow leave to amend.  *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).

### A.   Undue Delay

Responding Defendants argue that "[f]ailure to seek amendment as a matter of right is sufficient cause for denying leave, especially when the movant offers no adequate explanation for the delay."  *Response* [#39] at 8.  However, the case they cite for this proposition does not support this argument.  *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. Aug. 24, 1993) (finding that district court did not abuse its discretion in

3

denying stipulated motion to add one party and drop another when the stipulation also contained an agreement that the court had diversity jurisdiction over state law claims). Further, delay alone is an insufficient ground to deny leave to amend. *Minter*, 451 F.3d at 1196.

The Court may deny a motion to amend based on *undue* delay. *Minter*, 451 F.3d at 1205. The Court notes that the case was initiated on September 6, 2013. *See generally Compl.* [#1]. In lieu of answering, Defendants filed motions to dismiss [##10, 11, 22]. On November 22, 2013, Plaintiffs filed the instant Motion. Delay is "undue" only if it will place an unwarranted burden on the Court or become prejudicial to the opposing party. *Id.* The Tenth Circuit "focuses primarily on the reason for the delay." *Id.* A motion to amend is untimely if, among other reasons, the moving party has made the complaint a "moving target," is trying to "salvage a lost case by untimely suggesting new theories of recovery," is trying to present more theories to avoid dismissal, or is knowingly waiting until the eve of trial to assert new claims. *Id.* at 1206 (citations omitted). Other common reasons for finding undue delay include lack of adequate explanation for the delay or when a moving party knows or should have known of the facts in the proposed amendment but did not include them in the original complaint or any prior attempts to amend. *Id.* (citations omitted).

Responding Defendants are correct that the Court may deny leave to amend if the movant "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Response* [#39] at 8 (quoting *Pallottino v. City of Rio Rancho*, 31 F.3d at 1027). However, they ignore that fact that "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by

4

counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Here, pro se Plaintiffs are asking the Court to accept a proposed Amended Complaint that streamlines their factual allegations and focuses their legal claims, in the process eliminating 28 pages from their Complaint and bringing the number of claims asserted from nine to six, three of which are now asserted under the same statute. In such a case, the Court does not find that Plaintiffs' Motion was unduly delayed.

### B. Futility

The Court next addresses Responding Defendants' futility argument. An amendment is futile if it would not survive a motion to dismiss. *Innovatier, Inc. v. CardXX, Inc.*, No. 08-cv-00273-PAB-KLM, 2010 WL 148285, at *2 (D. Colo. Jan. 8, 2010) (citing *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)). However, the Court notes that this case is still in its earliest stages. Plaintiffs have neither filed an amended complaint as a matter of course nor previously sought leave to amend their Complaint. No ruling on the merits has issued on any dispositive motion. A Scheduling Conference has not yet been held and discovery has not commenced. At this stage of the proceedings, the Tenth Circuit has expressed that, "the preferred practice is to accord a plaintiff notice and an opportunity to amend his complaint before acting upon a motion to dismiss for failure to state a claim[.]" *McKinney v. Okla.*, 925 F.2d 363, 365 (10th Cir. 1991). In the circumstances at hand, therefore, the Court will not deny leave to amend on the basis of futility. Thus, the Court permits Plaintiffs leave to file their proposed Amended Complaint. *See, e.g.*, *Stender v. Cardwell*, No. 07-cv-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. April 1, 2011)*; American Web, Inc. v. Flom Corp.*, No. 11-cv-02444-WYD-KMT, 2012 WL 1470141, at *2

(D. Colo. April 27, 2012); *Starr v. City of Lakewood*, No. 08-cv-01390-WYD-KLM, 2008 WL 5246158, at *1 (D. Colo. Dec. 16, 2008).

### III. Conclusion

Based on the above,

IT IS HEREBY **ORDERED** that the Motion to Amend [#29] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Plaintiff's Amended Complaint [#29-1] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendants Deutsche Bank National Trust Company; Mortgage Electronic Registration Systems, Inc.; and Hellerstein and Shore, PC shall answer or otherwise respond to the Amended Complaint within the time allowed pursuant to Fed. R. Civ. P. 15(a)(3).

IT IS FURTHER **ORDERED** that Plaintiffs shall serve the newly named Defendant, David A. Shore, with the Amended Complaint in accordance with the Federal Rules of Civil Procedure.

IT IS FURTHER **ORDERED** that Defendant Hellerstein and Shore, P.C.'s Motion to Dismiss Complaint Seeking Damages and Equitable Relief Including Petition for a Temporary Restraining Order to Estop Defendants From Selling, Transferring, Foreclosing and/or Otherwise Taking Plaintiff's Real Property Under 11 U.S.C. § 323 and Federal Rules of Civil Procedures 8, 12(b)(1) & (6) and 17(a)(1) [#11] and Defendants Deutsche Bank National Trust Company, as Trustee, Mortgage Electronic Registration Systems, Inc., Ocwen Loan Servicing, LLC, and Litton Loan Servicing, LP's, Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) [#22] are

**DENIED as moot**.[2] *See, e.g., Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative").

Dated February 13, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[2] The Court has already recommended that Defendant Freedom Mortgage Corporation's Motion to Dismiss [#10] be denied as moot. Defendant Freedom Mortgage Corporation filed an objection [#48] to that Recommendation which is pending before the Court.