IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02433-MSK-KLM

VALORIE BRIGGS, and
JOHN A. DAVIS,

      Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
HELLERSTEIN AND SHORE, PC, and
DAVID A. SHORE, individually and corporate capacities,

      Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on non-party Cynthia Mares' ("Mares") **Motion to Strike** [#53][1] (the "Summons Motion") and **Cynthia Mares' Motion to Strike Affidavit of Service** [#62] (the "Affidavit Motion" collectively with the Summons Motion, the "Motions"). On March 20, 2014, Plaintiffs filed a Response [#72] to the Affidavit Motion. Mares has not filed a reply in support of the Affidavit Motion and Plaintiffs have not filed a response to the Summons Motion.[2] Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motions have been referred to this Court for disposition [##60, 63]. For the reasons set forth below, the Motion to Strike [#53] is **DENIED** and the Affidavit Motion [#62] is **GRANTED**.

      On February 13, 2014, the Court granted Plaintiffs, who proceed in this matter pro

---

[1] "[#53]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

[2] Pursuant to D.C.COLO.LCivR 7.1(d), the Court may rule on a pending motion at any time.

se,[3] leave to file their First Amended Complaint. Accordingly, the First Amended Complaint [#51] was filed that day. Plaintiffs name four Defendants in the First Amended Complaint: Deutsche Bank National Trust Company, as Trustee; Mortgage Electronic Registration Systems, Inc.; Hellerstein and Shore, PC; and David A. Shore. *See First Am. Compl.* [#51] at 1, 4-5. Plaintiffs do not name Cynthia Mares or her position, the Arapahoe County Public Trustee, as defendants in this action. However, Mares was served with a summons and a document titled "Plaintiffs['] Second Amended Complaint." *See generally Motion, Ex. A* [#53-1]. In their Response, Plaintiffs contend that Mares is a named defendant in this lawsuit. *Response* [#72] at 2. That is incorrect. The operative complaint, the First Amended Complaint [#51], does not name either Mares or the Arapahoe County Public Trustee as a defendant.

In the Motions, Mares seeks relief pursuant to Fed. R. Civ. P. 12(f), which allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Pursuant to Fed. R. Civ. P. 7, "pleading" is defined to include a complaint but not a summons or an affidavit. However, the document titled "Plaintiffs['] Second Amended Complaint" was not filed in this action even though it purports to be a complaint in this action. For that reason, the Court will not strike "Plaintiffs['] Second Amended Complaint" that was served on Mares.

Regarding the summons served on Mares and the related Affidavit of Service [#57], Fed. R. Civ. P. 4(a)(1)(B) requires that a summons be directed to a **defendant**. Further, Fed. R. Civ. P. 12(1)(A) requires that a **defendant** serve an answer to a complaint. Mares is not a defendant in this action and, therefore, the summons she received which states that she "must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure" was improper. Further, the Affidavit of Service [#57] is deficient both because it states that service was effected on a nonparty and because it only states that a summons was served on her. *See Aff. of Service* [#57] at 1 (stating that Mares was served with a "SUMMONS IN A CIVIL ACTION" but not mentioning service of a complaint). Fed. R. Civ. P. 4(c)(1) states that a "summons must be served with a copy of the complaint." Accordingly, the Court will strike the Affidavit of Service [#57] filed by Plaintiffs that purports to evidence service of a summons on Mares. Therefore,

IT IS HEREBY **ORDERED** that the Motion to Strike [#53] is **DENIED** and the Affidavit Motion [#62] is **GRANTED**.

---

[3] The Court must construe the filings of pro se litigants liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigants' advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigants'] complaint or construct a legal theory on [their] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

IT IS FURTHER **ORDERED** that the Affidavit of Service [#57] purporting to evidence service of a summons on Mares is **STRICKEN**.

Dated:  March 21, 2014